# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NICHOLAS OLIVER,

                    Plaintiff,

v.                                                      Case No. 22-CV-1389-JPS

C.O. RICHMOND,

                    Defendant.                          **ORDER**

Plaintiff Nicholas Oliver, an inmate confined at Milwaukee Secure Detention Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant C.O. Richmond ("Richmond") violated his Eighth Amendment rights when Richmond used excessive force against him. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.      MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 4, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $76.62. ECF No. 7. Plaintiff paid that fee on January 12, 2023. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

Plaintiff's complaint stems from an incident at the Milwaukee Secure Detention Facility. ECF No. 1 at 2. Plaintiff alleges that on August 2, 2022, at approximately 11:00 a.m., Richmond deliberately slammed Plaintiff's left index finger in the trap of his cell. *Id.* Richmond slammed Plaintiff's finger in the trap because Plaintiff would not give him the extra towel that he had in his cell. *Id.* Plaintiff told Richmond he slammed Plaintiff's finger in the trap, and Richmond walked off saying, "Sue the DOC." *Id.* This lawsuit ensued as a result.

### 2.3    Analysis

The Court will allow Plaintiff to proceed on an excessive force claim against Richmond. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Taking Plaintiff's allegations as true, the Court finds that Richmond's conduct of deliberately slamming Plaintiff's finger in the cell trap could constitute excessive force. The Court recognizes that de minimus uses of force will not violate the Eighth Amendment. *See, e.g., DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (finding the "simple act of shoving" qualified as de minimus use of force that does not constitute cruel and unusual punishment), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (pouring a bucket of water on prisoner and causing the bucket to hit him in the head characterized as de minimis). However, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9. Plaintiff alleges that Richmond deliberately slammed his finger as punishment for not giving him a towel. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on an Eighth Amendment claim against Richmond for excessive force.

3.    **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment excessive force claim against Richmond.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, he is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **RICHMOND**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why he intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL

5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff shall collect from his institution trust account the $273.38 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

IT IS FURTHER ORDERED that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

IT IS FURTHER ORDERED that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.